## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:20-cv-3068-DCN |
| vs. | ) ) | **ORDER** |
| DONALD LADUE, *as Personal Representative of the Estate of Jeremy Ladue*, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on plaintiff Progressive Northern Insurance Company's ("Progressive") motion for judgment on the pleadings, ECF No. 20, and defendant Allstate Fire and Casualty Company's ("Allstate") motion for judgment on the pleadings, ECF No. 23. For the reasons set forth below, the court grants the motions.

### I.  BACKGROUND

This declaratory judgment action arises out of an insurance dispute between two insurance companies and their insureds following the death of Jeremy Ladue. Jeremy Ladue was a deputy for the Charleston County Sherriff's Department. In the early morning of April 13, 2020, Jeremy Ladue, while on patrol in an agency-issued vehicle, was involved in a high-speed car accident on Savannah Highway in Charleston County and died as a result of his injuries. At the time of the accident, Jeremy Ladue held an insurance policy (the "Progressive Policy") with Progressive, which provided underinsured motorist ("UIM") bodily injury coverage with a limit of $100,000 and UIM property damage coverage also with a limit of $100,000. Together, the Progressive

1

Policy provided $200,000 in UIM coverage. At the same time, Donald and Regina Ladue, Jeremy Ladue's parents, held an insurance policy (the "Allstate Policy") with Allstate, which also provided UIM bodily injury coverage with a limit of $100,000 and UIM property damage coverage with a limit of $100,000, for a total of $200,000 in UIM coverage.

The parties agree that Jeremy Ladue, as a resident relative of his parents, qualified as an insured under the Allstate Policy at the time of the accident. In a provision titled "Other Insurance," the Progressive Policy states that where "there is other applicable [UIM] coverage," Progressive will only pay Progressive's share of the damages, which the Policy defines as the proportion that Progressive's "limit of liability bears to the total of all available coverage limits." (the "Progressive UIM Other Insurance Provision"). ECF No. 1-1 at 21. The Allstate Policy contains a similar provision, which states:

> If more than one policy applies to the accident on a primary basis, the total benefits payable will not exceed the amount the insured person is legally entitled to recover. We will bear our proportionate share with other underinsured motorist benefits.

ECF No. 32-2 at 41 (the "Allstate UIM Other Insurance Provision").

After the April 13, 2020 accident, the Estate of Jeremy Ladue (the "Estate") made a claim under the Progressive Policy for UIM coverage. On the basis of the Progressive UIM Other Insurance Provision, Progressive denied that the Estate was entitled to the full amount of UIM coverage available under the Progressive Policy and tendered a payment of $100,000, half of the Progressive Policy's $200,000 UIM limit. The Estate made a similar claim under the Allstate Policy for UIM coverage, and Allstate similarly denied that full coverage was available based on the Allstate UIM Other Insurance Provision and tendered a payment of $100,000, half of the Allstate Policy's $200,000 UIM limit.

According to Progressive's complaint, the Estate "seeks to recover the UIM policy limits under the Allstate Policy and the Progressive Policy." ECF No. 1, Compl. ¶ 18.

On August 26, 2020, Progressive filed this action against Donald Ladue ("Ladue"), in his capacity as representative of the Estate, and Allstate, seeking two declaratory judgments. First, Progressive requests a declaration that

> Jeremy Ladue has already recovered the maximum amount of UIM coverage to which he is entitled as a result of the April 13, 2020 accident and he is not entitled to recover any additional amounts of UIM coverage as a result of the accident.

Compl. ¶ 26. Second, Progressive requests a declaration that

> [Progressive's] proportionate share of the maximum amount of UIM coverage [the] Estate is entitled to recover as a result of the accident is one-third [ ] of $100,000 in UIM bodily injury coverage and $100,000 in UIM property damage coverage – i.e. $33,333.33 in UIM bodily injury coverage and $33,333.33 in UIM property damage coverage.

On September 23, 2020, Allstate answered the complaint and asserted a crossclaim against Ladue as well as a counterclaim against Progressive. In its crossclaim, Allstate seeks a declaration that "Jeremy Ladue cannot stack UIM coverages [and] is limited to a maximum UIM recovery of" $100,000 in UIM bodily injury coverage and $100,000 in UIM property damage coverage. ECF No. 6 ¶ 42. In its counterclaim, Allstate seeks a second declaration that

> its pro-rata share of the available UIM limit Jeremy Ladue's Estate is entitled to recover as a result of one-half [ ] of $100,000 in UIM bodily injury coverage and $100,000 in UIM property damage coverage – i.e. $50,000 in UIM bodily injury coverage and $50,000 in UIM property damage coverage. [sic]

Id. ¶ 51. On October 23, 2020, Ladue also answered Progressive and Allstate's claims and filed a counterclaim against Progressive, which seeks a declaration that the Estate is

3

entitled to the full amount of UIM coverage available under each policy, for a total of $400,000. ECF No. 11, Answer ¶ 63.

On October 23, 2020, Ladue filed a motion to dismiss or, in the alternative, to stay. ECF No. 10. On December 9, 2020, the court denied the motion (the "December 9 Order"). ECF No. 25. On November 23, 2020 and December 3, 2020, Progressive and Allstate respectively filed motions for judgment on the pleadings. ECF Nos. 20, 23. On December 22, 2020, Ladue filed responses to the motions. ECF Nos. 28, 29. On December 28, 2020 and December 29, 2020, Progressive and Allstate filed replies. ECF Nos. 30, 31. Accordingly, this matter has been fully briefed and is ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Courts follow "a fairly restrictive standard" in ruling on 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2011). Therefore, "a Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." Deutsche Bank Nat'l Trust Co. v. I.R.S., 361 F. App'x 527, 529 (4th Cir. 2010); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) ("[W]e are mindful that a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact."). Although they share a standard, a motion for judgment on the pleadings differs from a motion to dismiss in that the former allows the

4

court to consider matters outside of the complaint, where the latter generally does not. In resolving a motion for judgment on the pleadings, the court may consider the pleadings and exhibits attached thereto, relevant facts obtained from the public record, and exhibits to the motion that are "integral to the complaint and authentic." Massey, 759 F.3d at 347.

When considering a Rule 12(c) motion for judgment on the pleadings, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011); see also BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., 941 F. Supp. 54, 55 (D.S.C. 1996) ("[A] defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff."). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion for judgment on the pleadings, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

### III.  DISCUSSION

In the instant motions, Progressive and Allstate seek judgment on the pleadings with respect to each's first declaration request. Specifically, Progressive and Allstate

contend that they are entitled to "a declaration that the Estate [] has already recovered the maximum amount of UIM coverage to which [it] is entitled and [that it] is not entitled to recover any additional amounts of UIM coverage as a result of the April 13, 2020 accident." ECF No. 20-1 at 2. Progressive and Allstate explain that South Carolina law prevents an insured from "stacking" coverages to recover in excess of the policy limit where the insured does not have a covered vehicle involved in the accident. Because South Carolina law is unequivocal, the court agrees.

"Stacking is defined as the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met." Giles v. Whitaker, 376 S.E.2d 278, 279 (S.C. 1989). S.C. Code Ann. § 38-77-160 provides in relevant part, "If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." To put it in layman's terms, an insured who does not have a vehicle involved in an accident cannot stack UIM coverages to recover in excess of the limit of any one policy he holds. South Carolina courts have consistently upheld this plain-language interpretation. See Brown v. Cont'l Ins. Co., 434 S.E.2d 270, 272 (1993) ("We find the plain and obvious meaning of § 38-77-160 prohibits stacking where none of the insured vehicles is involved.").

It is clear to the court that South Carolina law limits the Estate's recovery under the Allstate and Progressive Policies. The accident did not involve a vehicle covered under the Allstate or Progressive Policies. See Answer ¶ 9, 14–15. Accordingly, "coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." S.C. Code Ann. § 38-77-160. In other words, § 38-

77-160 limits the Estate's recovery to the single highest limit of UIM coverage available under the relevant coverages. There is no dispute here that the Estate is attempting to recover $400,000 in total, and each policy clearly limits UIM coverage to $200,000. And there is likewise no dispute that Progressive and Allstate have each paid out $100,000 under their respective policies, meaning that the Estate has recovered a total of $200,000, consistent with the limits of each policy. Accordingly, the court agrees with Progressive and Allstate that Ladue has received the full amount to which the law and the Progressive and Allstate Policies entitle him.

Ladue asserts two arguments in response. First, he argues that Allstate and Progressive cannot place limits on the portability of UIM coverage under South Carolina law. Unfortunately for Ladue, the court already determined in its December 9 Order that the relevant issue "is clearly one of stacking, not portability." ECF No. 25 at 8. There, the court explained that South Carolina law defines stacking "as the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met." Giles, 376 S.E.2d at 279. Portability, on the other hand, "concerns whether certain insurance coverage follows the insured or the insured's vehicle." ECF No. 25 at 8 (citing Nakatsu v. Encompass Indem. Co., 700 S.E.2d 283, 288 (S.C Ct. App. 2010) ("[P]ortability refers to a person's ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages sustained in the accident.")). The court then explained that Ladue's barrier to additional recovery comes courtesy of a stacking restriction, not a portability bar:

> The disputed issue at the heart of Progressive's declaratory judgment claim is clearly one of stacking, not portability. At the hearing on the motion, Ladue argued that this action implicates portability because the issue is whether the Estate can recover simultaneously from separate, portable UIM

7

> coverages. But recovering from separate UIM coverages falls exactly within the definition of stacking, regardless of whether the stacked coverages are portable or not. In other words, portability is not a bar to the Estate's recovery here. Given that the accident did not involve a covered vehicle, the UIM coverage in both the Allstate and Progressive Policies must be portable for the Estate to recover at all. Indeed, Progressive and Allstate agree that the UIM coverage in each policy is portable and applies to the Estate's claims.
>
> As such, the potential limitation on the Estate's ability to recover has nothing to do with portability. Instead, Progressive and Allstate argue that the Estate cannot recover in excess of what it has already recovered because the Estate cannot "stack" the separate UIM coverages to recover more than $200,000, the UIM coverage limit under each policy. The Estate seeks to recover $200,000 from each policy, meaning that it seeks an aggregate amount in excess of the coverage limit of any one policy. As such, the Estate is attempting to recover "damages under more than one policy until all of [its] damages are satisfied or the limits of all available policies are met." Giles, 376 S.E.2d at 279. Therefore, the Estate is attempting to stack coverages. As discussed above, South Carolina law on stacking UIM coverages is well settled.

Id. at 8–9. In short, South Carolina portability law is not implicated here because Progressive and Allstate only seek to limit Ladue's ability to stack coverages.

Second, Ladue argues that "[r]estrictions on UIM portability generally violate public policy." ECF No. 28 at 6. This argument misses the mark for two related reasons. First, as the court has explained, the relevant restriction here limits stacking, not portability. Second, the relevant stacking restriction is statutory, meaning that it was promulgated by the South Carolina legislature itself. See S.C. Code Ann. § 38-77-160. South Carolina courts have consistently noted that statutes constitute the clearest reflection of the state's public policy goals. See Pennsylvania Nat. Mut. Cas. Ins. Co. v. Parker, 320 S.E.2d 458, 461 (S.C. Ct. App. 1984) (characterizing South Carolina's "motor vehicle insurance statutes" as "the legislative expression of the public policy of the State"); see also United Servs. Auto. Ass'n v. Markosky, 530 S.E.2d 660, 664 (S.C.

Ct. App. 2000) ("We will not construe the plain language of the statute to extend the public policy beyond that which was plainly intended."). Thus, because the limitation on Ladue's ability to recover is statutorily derived, the court's resolution of the instant motions is in lockstep with South Carolina public policy, as revealed by clear legislative expression.

In sum, because the accident did not involve a covered vehicle, South Carolina law clearly prohibits Ladue from stacking UIM coverages under the Progressive and Allstate Policies to recover in excess of the limit under each policy. Accordingly, Progressive and Allstate are entitled to a declaration that that the Estate has recovered the full amount to which it is entitled under the Progressive and Allstate Polices and South Carolina law. Progressive and Allstate's motions for judgment on the pleadings are therefore granted.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** the motions.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 19, 2021**
**Charleston, South Carolina**

9